

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-27-2008

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2325

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Chen v. Atty Gen USA" (2008). *2008 Decisions.* Paper 620.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/620

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**IMG-174**                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2325
_____

YI CHEN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A97 951 982
Immigration Judge: Daniel A. Meisner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 27, 2008

Before: FUENTES, ALDISERT and GARTH, <u>Circuit</u> <u>Judges</u>

Opinion filed: August 27, 2008
_____

**OPINION**
_____

PER CURIAM

Yi Chen, a native and citizen of China, petitions for review of an order of the

1

Board of Immigration Appeals (BIA or Board). The Board's order adopted and affirmed an Immigration Judge's (IJ's) decision, which denied Chen's applications for asylum, withholding of removal and protection under the Article 3 of the United Nations Convention Against Torture (CAT). We will deny the petition for review.

Chen entered the United States without a valid passport or visa in April 2004. He was served with a Notice to Appear, and he admitted that he was removable, but sought relief based on allegations that he had been persecuted in China on account of his religion. Chen testified that he was raised by his parents to be Catholic, and he was baptized in 1994. J.A. 97. He attended St. Paul Church, also known as Ah Lai Church, with his family in his village. J.A. 95-96, 103-04. The services were held in a church building that is only used for church business. J.A. 102. On December 24, 2003, Chen was attending Christmas Eve services when some policemen came into the church, yelled at them to stop the service, and attempted to arrest the priest. J.A.113-14. Chen and a few others who were supposed to protect the priest tried to stop the police from arresting him. The police took Chen and put his arms behind his back, but he kicked the officer and was able to flee. J.A. 115-16. He took a bus to Fuzhou and stayed with his cousin, but he heard that the government was trying to arrest him, so he left for the United States. J.A. 116-18, 122.[1]

---

[1] At a credible fear interview, Chen raised a claim that he feared he would be sterilized if he were to return to China, because he and his girlfriend have two children. J.A. 173. Chen did not raise a claim based on coercive population policy in his asylum application,

The IJ found that the one incident at the church did not establish past persecution and that Chen had not demonstrated a fear of future persecution. The IJ also questioned Chen's credibility and lack of corroborating evidence. The BIA dismissed the appeal, finding "no clear error" in the IJ's adverse credibility finding, and also upholding the IJ's alternative finding that Chen had not met his burden of proof. Chen filed a counseled timely petition for review.

We have jurisdiction to review a final order of removal of the BIA under 8 U.S.C. 1252(a)(1). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F. 3d 215, 222 (3d Cir. 2004). Our standard of review is narrow. We must sustain the Board's removal order if there is substantial evidence in the record to support it. Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001).

An applicant seeking asylum bears the burden of showing that he is a "refugee"; that is, he is "a person who is unable or unwilling to return to his country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Ahmed v. Ashcroft, 341

---

and the IJ denied his request, made on the day of his individual hearing, for a continuance to develop the claim. Chen concedes that he did not raise the issue in his brief to the BIA, but contends that the BIA erred in failing to consider the affect of China's population policy on his freedom to practice his religion. Petitioner's Brief at 25. As this argument was not raised before the IJ or BIA, we will not consider it.

F.3d 214, 217 (3d Cir. 2003), quoting 8 U.S.C. § 1101(a)(42)(A); see also 8 C.F.R. § 208.13(a) (allocating burden of proof). Persecution does not include all treatment regarded as unjust or unfair; rather, it must be "so severe that [it] constitute[s] a real threat to life or freedom." Chavarria v. Gonzalez, 446 F.3d 508, 518 (3d Cir. 2006) (citations omitted). Although an applicant's credible testimony may be sufficient to sustain his burden of proof without corroboration, the IJ may nonetheless require corroboration when the applicant is "reasonably expected" to do so. Dia v. Ashcroft, 353 F.3d 228, 253 (3d Cir. 2003) (en banc).

We agree that the one incident Chen experienced in the past did not rise to the level of persecution. Chen was not injured in any way; in fact, he was the one who kicked a police officer. Chen was able to escape from the police, and although he believed he needed to go into hiding, it is not clear what would have happened had he remained at the scene. Chen submitted a letter from his uncle stating that he was detained for six months as a result of the incident, but it is not clear if he was detained because of his religious practice or for some other reason, such as resisting arrest. The uncle does not allege that he was harmed in any way during his detention. J.A. 197.

We further agree that Chen did not show he has a well-founded fear of persecution in the future on account of a protected ground. The United States Department of State's International Religious Freedom Report 2004 for China ("State Department Report") states that "[m]embers of some unregistered religious groups, including Protestant and

4

Catholic groups, were subjected to restrictions, including intimidation, harassment, and detention." J.A. 135. Chen's asylum application states that his church is "loyal to the Pope" and that he is "Rome [sic] Catholic which is not allowed by the government . . . ." J.A. 236.[2] But Chen did not testify about the type of Catholicism he follows, nor was there any testimony regarding whether St. Paul church is an unregistered or underground church. As the IJ summarized:

> The respondent has not presented any evidence to indicate that the church that he attended was an underground or secret church. As a matter of fact, a suggestion that, that church was an underground church appears unlikely, since the respondent testified that St. Paul's Church is a church building, and has been in existence for at [sic] 15 years, and is used solely for church purposes. Parishioners go there to attend services every Sunday, as well as during holidays. The respondent did not claim, and no evidence was submitted that church services at St. Paul's were limited in any manner during all of that time.

J.A. 39.

We find that the BIA's holding that Chen failed to meet his burden of proof is supported by substantial evidence.[3] As Chen failed to show past persecution or a

---

[2] The IJ and BIA noted that the State Department Report states that Catholicism is one of the five official religions in China. J.A. 3, 48, 136. However, that same Report notes that the "unofficial, Vatican-affiliated Catholic Church claims a membership far larger than the 5 million persons registered with the official Catholic Church." J.A. 137. Although it appears that the IJ and BIA did not recognize this difference, we nevertheless agree with the holding that Chen did not meet his burden of proof to show that he was or would be persecuted on account of his religious beliefs.

[3] We will not discuss the BIA's finding that Chen failed to properly corroborate his claim, except to note that Chen could have used corroborating evidence from family members or others to meet his burden of showing that he had a well-founded fear that he would be persecuted for his religious beliefs in the future. Given our holding that Chen

5

reasonable fear of future persecution under the lower burden of proof required for asylum, he is necessarily ineligible for withholding of removal. See Ghebrehiwot v. Attorney General, 467 F. 3d 344, 351 (3d Cir. 2006). In addition, the IJ concluded that Chen did not meet his burden of establishing that it is more likely than not that he will be tortured upon his return to China, 8 C.F.R. §§ 208.16, 208.18, and we conclude that the record does not compel a different conclusion.

For the reasons given, we will deny the petition for review.

---

failed to meet his burden of proof, we need not discuss the Board's alternative holding that Chen's testimony was not credible.